# Thiel College's Appeal.

*Corporations—Amendment of charter—College—Change of location—Contract right—Thiel college—Act of April 14, 1870, P. L. 1167.*

The court of common pleas of Mercer county has no jurisdiction to amend the charter of Thiel College incorporated by the special Act of April 14, 1870, P. L. 1167, by changing the corporate location from Greenville in Mercer county to Greensburg in Westmoreland county; and this is particularly so where it appears that the college was located permanently in Mercer county in pursuance of a contract, and that parties to the contract objected to the change of location.

In a proper case the court of common pleas has authority under the Act of April 29, 1874, sec. 42, P. L. 73, to amend the charter of a college or university.

Argued Oct. 31, 1906. Appeal, No. 140, Oct. T., 1906, by Thiel College, from decree of C. P. Mercer Co., June T., 1905, No. 70, dismissing appeal to·amend a charter in the Matter of

the Petition of Thiel College to amend its charter. Before
MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN
and STEWART, JJ. Affirmed.

Petition to amend charter.

On June 5, 1905, Thiel College of the Evangelical Lutheran
Church, a corporation, created by special Act of Assembly,
approved April 14, 1870, P. L. 1167, filed its petition together
with a copy of the charter act in the court of common pleas
of Mercer county, asking for an amendment to its charter
which would permit the board of trustees to change the loca-
tion of the said Thiel College from Greenville, Mercer
county, Pennsylvania, to or near Greensburg, Westmoreland
county, Pennsylvania. The petition contained the necessary
corporate action taken by the board of trustees May 25, 1905,
reciting the provisions of the charter as to the location of
the college at Greenville in 1871; the sense of the board that
by reason of its location said college has not been successful;
the action taken by the Pittsburg Synod of the Evangelical
Lutheran Church, the visitatorial body having power to elect
the trustees of the said college, which favored the removal of
the college from Greenville under proper conditions; the offer
made by the citizens of Greensburg and Westmoreland county,
of $100,000 in cash and certain valuable real estate amounting
to $40,000 more, to secure the location of the college there;
the action of the board of trustees accepting the said offer and
the approval of the same by the Pittsburg Synod and the res-
olution of the board, that under these facts the best interest
and welfare of the college demand its removal from Greenville,
Mercer county, Pennsylvania, at or near Greensburg, West-
moreland county, Pennsylvania; and praying for the neces-
sary amendment.

To this petition John R. Packard and L. L. Keck on July 3,
1905, filed an answer or exceptions on behalf of themselves
and such other citizens of Greenville, Pennsylvania, standing
in the same relation to Thiel College, alleging that the trustees
of said college in consideration of about $15,000 agreed to per-
manently locate the said college at Greenville, Pennsylvania,
and that said Packard and Keck were contributors to the said
fund. That the said permanent location was made and the

money paid. That the said trustees had attempted to remove
the said college and exceptants had filed a bill in equity and
obtained a perpetual injunction restraining the same, which
was affirmed by the Supreme Court of Pennsylvania, and deny-
ing the necessity or the right under the law of the removal of
the said college.

The court in an opinion by WILLIAMS, P. J., dismissed the
petition.

*Error assigned* was the decree dismissing the petition.

*J. Boyd Duff*, with him *W. A. Griffith*, for appellant.

*Q. A. Gordon*, with him *Templeton, Orr & Whiteman, W. C.
Pettit, H. L. Keck* and *J. J. Donaldson*, for appellee.

PER CURIAM, January 7, 1907 :

We do not go so far as to hold with the learned judge below
that the court was without power to grant amendments to a
college charter. There may have been reasons why the legis-
lature was willing to authorize courts to grant amendments,
although they could not have granted the charters themselves,
and the language of the statute is too explicit on this subject
to be lightly disregarded. " As often as the corporations
named in the first class specified in the second section of this
act, including all such corporations now in existence, and col-
leges and universities shall be desirous of improving, amend-
ing or altering the articles and conditions of their charter, it
shall and may be lawful for such corporations respectively, in
like manner, to specify the improvements, amendments or al-
terations which are or shall be desired, and exhibit the same
to the court of common pleas of the proper county in which
said corporation is situated," etc. : Act of April 29, 1874,
sec. 42, P. L. 73. Colleges and universities would not have
been included by the general words referring to the second
section, and their express mention in enumerating the char-
ters which may be amended by the courts is a plain legislative
grant.

But the court was clearly right in holding that the amend-
ment desired in this case could not be granted. The power to

amend is not unlimited. The court is to be satisfied that "such alterations are or will be lawful and beneficial, and do not conflict with the requirements of this statute or of the constitution." One of the statutory requirements is that the petition shall be presented to the court of common pleas "of the proper county in which said corporation is situated," which is Mercer county. But whether the court of Mercer county can authorize a change by which the college shall thereafter be situated and have its corporate domicile in Westmoreland is, to say the least, doubtful.

But a still more potent objection, not at all doubtful, is that the college was located permanently in Mercer county, in pursuance of a contract to which the present objectors were parties. Their standing to object was affirmed when the case was here last : Packard v. Thiel College, 209 Pa. 349.

Decree affirmed.